SHIVERS, Chief Judge.
Appellant, Sharon Anderson, appeals an order entered by the trial court modifying her probation. For the reasons set out below, we reverse.
In January of 1988, appellant was adjudicated guilty of two counts of battery on a law enforcement officer, and was placed on concurrent terms of two years probation. Her order of probation contained ten standard conditions, including condition 10, stating: “Comply with instructions given by your Probation Officer.” In addition, the order contained three non-standard or special conditions, including condition 15, stating: “Participate in counseling at your own expense as instructed for: mental health.”
In an amended affidavit filed in August 1989, it was alleged that appellant had:
violated the conditions of her probation in a material respect by violating condition 10 which states: ‘Comply with instructions given by your Probation Officer,’ in that, the defendant has failed to keep appointments as scheduled at the Comer Drug Store for evaluations_
(emphasis supplied) After hearing the testimony presented at the hearing, the trial court entered an order modifying probation, finding appellant to have violated probation as alleged in the amended affidavit, and extending probation for an additional period of one year.
*345 At the VOP hearing, however, no evidence was presented that appellant was ever given instructions, by her probation officer or anyone else, to appear at the “Corner Drug Store” for evaluation. Rena Fannin, a substance abuse and family therapy counselor, testified at the hearing that appellant was referred to her by the Parole and Probation Commission for therapy, that appellant agreed to participate in individual counseling one time per week, and that appellant missed several appointments between May 1989 and December 1989, resulting in her file being closed due to “inconsistency and poor follow-through.” Fannin, however, specifically testified that she was an Addictions Counselor III with Addictions and Family Health, and that she did not work for the “Corner Drug Store.” We therefore find that the trial court’s ruling that appellant violated probation as alleged in the amended affidavit is unsupported by evidence in the record. We reverse the order extending probation for an additional period of one year.
REVERSED.
BOOTH and JÓANOS, JJ., concur.